IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **4:10CR3092** |
| Plaintiffs, | |
| vs. | **ORDER** |
| MARCELLA M. SCHARTON, | |
| Defendant. | |

Pending before the court is Defendant Scharton's Objection to the garnishment of her checking account at Union Bank and Trust. (Filing No. 193). For the reasons stated below, the objection will be overruled.

FACTS OF RECORD

Defendant Scharton was indicted for defrauding, and providing false statements to, the Social Security Administration. She was found guilty by a jury on August 25, 2011. (Filing No. 113). A sentencing hearing was held on February 14, 2012, with judgment entered on February 16, 2012. (Filing No. 140). Pursuant to that judgment, Defendant Scharton was ordered to "pay restitution in the amount of $115,010.40, jointly and severally with [her co-defendant,] David Seevers . . . " for losses incurred by the Social Security Administration. (Filing No. 140, at CM/ECF p. 3). The sentencing order states the "United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty," and without limiting that authority, included a payment schedule stating that upon "release from prison," the defendant shall make "monthly installments of $100 or 3% of the defendant's

gross income, whichever is greater; . . . until the criminal monetary penalty is paid in full . . . ." (Filing No. 140, at CM/ECF pp. 3, 6).

This judgment was appealed, and it was affirmed by the Eighth Circuit Court of Appeals on December 4, 2012, (Filing No. 160), with the Eighth Circuit's mandate entered on December 27, 2013. (Filing No. 162).

On October 29, 2018, the government served a writ of garnishment on Union Bank and Trust to recover $46,472.88, the remaining restitution owed by Scharton and her co-defendant as of that date. (Filing No. 176).

Union Bank answered the writ on November 5, 2018, identifying a checking account with a balance of $4642.47.[1] (Filing No. 181). Scharton objected to the writ of garnishment on December 17, 2018. (Filing No. 193).

## ANALYSIS

Defendant admits the government is authorized to collect unpaid restitution, (see, 18 U.S.C. § 3612), and can initiate garnishment proceedings to facilitate those collection efforts. 28 U.S.C. § 3205. (Filing No. 193, at CM/ECF pp.2-3). Nonetheless, Scharton objects garnishment of her Union Bank checking account, arguing:

1)      Union Bank funds in her checking account were derived from wage income and garnishing those funds will violate the federal wage limit

---

[1] Other accounts that are co-owned by Scharton and her children were also identified. The government will not be requesting a turnover order on those accounts. (Filing No. 194, at CM/ECF p. 5).

exemptions in the Consumer Credit Protection Act (CCPA), 15 U.S.C.A. §§ 1671 et seq.; and

2)      Defendant has not defaulted on the payments owed under a 31 U.S.C.A. § 3720D agreement arising from the parties' course of dealing and Defendant's history of payments.

(Filing No. 193).

The government did not serve a writ of garnishment on Scharton's employer. Instead, it seeks to garnish the bank account where Scharton's net wages are deposited.

The exemptions under the CCPA are "limited to periodic payments of compensation and do not pertain to every asset that is traceable in some way to such compensation." Kokoszka v. Belford, 417 U.S. 642, 651 (1974). The CCPA garnishment limitations do not extend to wages deposited in financial institutions. Usery v First Nat. Bank, 586 F2d 107 (9th Cir 1978); United States v. Tilford, 2014 WL 11048791 (N.D.Tex. 2014); United States v. Thomas, No. 08-15048, 2009 WL 4638862, at *2 (E.D. Mich. Dec. 1, 2009); United States v. Armstrong, No. 3:04-CV-1852-H, 2005 WL 937857, at *4 (N.D. Tex. Apr. 21, 2005), report and recommendation adopted, No. CIV.A.3:04CV1852-H, 2005 WL 1214669 (N.D. Tex. May 20, 2005); Dunlop v First Nat. Bank, 399 F Supp 855  (DC Ariz. 1975). As a matter of law, Scharton cannot prove that any of the funds in her Union Bank account are exempt under the CCPA as earnings. She is not entitled to a hearing on this issue.

Scharton also demands a garnishment hearing under 31 U.S.C.A. § 3720D. Defendant states she "has made regular restitution payments pursuant to court-ordered payment schedule," makes "monthly payments pursuant to court-

ordered restitution," and her tax returns are collected annually by the government. (Filing No. 193, at CM/ECF p. 3). She claims this "course of dealing since the judgment has created" . . . "an 'agreement' under § 3720D(a) between the U.S. Attorney and Defendant through ratification, conduct of the parties, or other legal or equitable theory notwithstanding the collection rights afforded to the U.S. Attorney in the original judgment." (Filing No. 193, at CM/ECF p. 4). Under § 3720D(a), if an individual "is not currently making required repayment in accordance with any agreement between the agency head and the individual," the United States "may garnish the disposable pay of the individual to collect the amount owed." 31 U.S.C § 3720D(a). Defendant argues that since she was making her payments as required under the sentencing order, and the government accepted those payments as a ratified course of dealing, the government is not permitted to garnish her checking account.

Defendant cites no case law supporting her § 3720D argument, and the court rejects it as a matter of law. First, upon comparison of the statutory language, the court is convinced that neither the CCPA nor 31 U.S.C § 3720D(b) apply to funds held in a bank account—even if those funds were derived from employment earnings. Even assuming § 3720D is applicable to bank accounts, the statute contemplates that any agreement for scheduled payments be entered into between the individual and the government and that such agreements be in writing. 31 U.S.C.A. § 3720D(b)(4). Neither have occurred in this case. There is no written agreement wherein the government agreed to accept the court-ordered payment schedule as the sole means of collecting the restitution owed by Scharton. Moreover, Scharton's payments were not made by her, or accepted by the government, pursuant to any § 3720D(a) agreement, express or implied, between the parties. As her brief clearly states, Defendant made her payments to comply "with the order of restitution ordered by the U.S. Court on February 16,

2012." ([Filing No. 193, at CM/ECF p. 4](#)). Scharton's compliance with a court order cannot be deemed or interpreted as a course of dealing the government agreed to accept as the only source for collecting restitution. Finally, Judge Kopf's sentencing order clearly states that irrespective of the payment schedule outlined therein, the government may pursue civil collection proceedings. ([Filing No. 140, at CM/ECF p. 6](#)). Nothing in § 3720D serves to supersede or limit the court's authority to order penal restitution for criminal conduct or the means for enforcing that term of Defendant's sentence.

For all the foregoing reasons, and even assuming Defendant has made all payments owed under the schedule within the sentencing order, the government's may pursue further collection of the restitution owed by Scharton through garnishment proceedings. See, [United States v. Armstrong, 2018 WL 2041835, (E.D. MI. May 2, 2018)](#); [United States v. Urso,](#) No. 308-CV-1230-L, [2009 WL 2999521, at *1 (N.D. Tex. Sept. 18, 2009)](#).

Accordingly,

IT IS ORDERED:

1)    Defendant Scharton's Objection to the garnishment of her checking account at Union Bank and Trust, ([Filing No. 193](#)), is overruled.

2)    The government shall submit a proposed order to the chambers of the undersigned magistrate judge for turnover of the funds in Scharton's checking account, Account XXX3879, at Union Bank & Trust.

December 31, 2018.                    BY THE COURT:

                                       *s/ Cheryl R. Zwart*
                                       United States Magistrate Judge